**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BANK OF COMMERCE and**                                                        **APPELLANTS**
**FIRST SOUTH FARM CREDIT, ACA**

**V.**                                                                               **NO. 4:22-CV-30-DMB**

**EXPRESS GRAIN TERMINALS, LLC**                                         **APPELLEE**

## ORDER

On February 8, 2022, Bank of Commerce and First South Farm Credit, ACA, filed in the United States District Court for the Northern District of Mississippi a notice of appeal of a decision of the Bankruptcy Court in *In re Express Grain Terminals, LLC*, No. 21-11832-SDM. No. 4:22-cv-29 at Doc. #1. The appeal challenges the Bankruptcy Court's January 25, 2022, "Memorandum Opinion and Order Approving Amended Application for Final Employment of CR3 Partners, LLC in Part and Denying Motion for Appointment of a Chapter 11 Trustee." *Id.* at 1. The same day, the appellants filed a separate notice of appeal of the Bankruptcy Court's January 28, 2022, "Final Order (I) Authorizing Use of Cash Collateral, (II) Authorizing Continued Use of Existing Bank Accounts and Cash Management System, (III) Granting Adequate Protection, and (IV) For Other Relief." No. 4:22-cv-30 at Doc. #1.

Approximately one month after the appeals were filed, the Bankruptcy Court created a docket entry on March 7, 2022, stating, "Transmittal of Record on Appeal to District Court: *Complete* Record filed with USDC--Case #4:22-cv-00029-DMB." *In re Express Grain Terminals, LLC*, No. 21-11832-SDM (Bankr. N.D. Miss. Mar. 7, 2022) (emphasis added).

On April 4, 2022, the appellants filed a notice in both appeals to this Court stating that they "filed two Petitions for Direct Appeal Under 28 U.S.C. § 158(d) … in the United States Court of

Appeals for the Fifth Circuit." No. 4:22-cv-29 at Doc. #18; No. 4:22-cv-30 at Doc. #16.[1] The same day, they filed in each appeal to this Court a motion for procedural relief[2] seeking (1) a docket entry in each case that the "appeals are related and that each appeal is pending a petition for direct appeal to the Fifth Circuit," (2) "correction on the docket of this Court of the erroneous Bankruptcy Court's docket text entry on March 7, 2022 stating that transmission of the record on appeal in … No. 4:22cv29-DMB is 'complete,'" and (3) "a stay of briefing and other appellate deadlines pursuant to Fed. R. App. P. 5(d)(2) and Fed. R. App. P. 6(c)(1)(A) pending ruling on [the direct appeal motions]" by the Fifth Circuit. No. 4:22-cv-29 at Doc. #19; No. 4:22-cv-30 at Doc. #17.

Two days later, the Bankruptcy Court's March 7 docket entry was modified to add at the beginning of the entry the words, "CAUTION: ENTRY MADE PREMATURELY DUE TO ADMINISTRATIVE ERROR." *In re Express Grain Terminals, LLC*, No. 21-118320-SDM (Bankr. N.D. Miss. Mar. 7, 2022).

28 U.S.C. § 158(d)(2)(A)(i) allows circuit courts to hear appeals from a bankruptcy judge's decision in limited circumstances, including where "there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." A stay pending a § 158 appeal is not automatic but the district court has discretion to enter a stay. 28 U.S.C. § 158(d)(2)(D); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In their direct appeal petitions, the appellants seek direct review by the Fifth Circuit based

---

[1] On April 6, 2022, the appellants filed a second notice which separates two exhibits that were filed as part of the original notice. No. 4:22-cv-29 at Doc. #20; No. 4:22-cv-30 at Doc. #18.

[2] The motions are identical. *Compare* No. 4:22-cv-29 at Doc. #19, *with* No. 4:22-cv-30 at Doc. #17.

on their allegations that the issues presented involve novel questions of law and/or matters of public importance and that an immediate appeal will advance the progress of the bankruptcy and prevent further delay "caused by an intermediate appeal process at the district court level." No. 4:22-cv-30 at Doc. #18-1 (PageID 1760–61), Doc. #18-2 (PageID 1888). To conserve the resources of this Court and the parties and to streamline the proceedings, this Court concludes good cause exists to stay this case and all deadlines pending the Fifth Circuit's ruling on the direct appeal petitions.

Accordingly, the motion for procedural relief [17] is **GRANTED in Part** to the extent it seeks a stay. The motion is **DENIED without prejudice** in all other respects. This case is **STAYED** until further notice. The parties shall notify this Court within seven (7) days of either (1) any action by the Fifth Circuit on the direct appeals, or (2) the approval of a settlement resolving all appellate issues.

**SO ORDERED**, this 14th day of April, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**